United States District Court
Southern District of Texas

**ENTERED**

June 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID TERRY MOORE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2048 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Terry Moore, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 complaint against Texas Department of Criminal Justice employees and officials for the alleged violation of his constitutional rights.

Having screened plaintiff's complaint as required by sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I.  BACKGROUND AND CLAIMS

Plaintiff claims that he has twice been sexually assaulted by other prison inmates – in December 2003 at the Luther Unit, and in November 2014 at the Pack Unit.  He filed an earlier section 1983 lawsuit in this Court in February 2018 seeking compensation for both assaults, but voluntarily dismissed the lawsuit shortly thereafter. *Moore v. Davis*, C.A. No. H-18-0529 (S.D. Tex.).  Plaintiff sought to reopen the lawsuit two years later in April 2020, but the motion was denied.

Plaintiff filed the instant lawsuit on June 10, 2020, informing the Court that it was a "continuation" of the earlier dismissed February 2018 lawsuit.  He seeks monetary damages for prison employees' failures to prevent the assaults or obtain DNA testing in the 2014 assault.  Plaintiff acknowledges that the assailant inmates were known and identified, but claims prison officials were required to obtain DNA testing under the Prison Rape Elimination Act and written prison policies and procedures.

## II.  LEGAL STANDARDS

### A.    Sections 1915, 1915A

Because plaintiff is a state inmate proceeding *pro se* and *in forma pauperis*, the Court is required to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

B.      Limitations

Dismissal of an inmate's civil lawsuit is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999).

The Texas period of limitations for personal injury actions is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Thus, the Court will apply the two-year limitation in determining the timeliness of this lawsuit.

Before filing a lawsuit, Texas state prisoners are required to exhaust their claims against prison employees and officials through the step 1 and step 2 prison grievance system. *See* 42 U.S.C. § 1997e. The statute of limitations is tolled while a prisoner fulfills section 1997e's administrative exhaustion requirement. *See Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008); *see also Harris*, 198 F.3d at 157–59 (holding that

3

under the section 1997e exhaustion requirement, limitations on a prisoner's section 1983 claim is tolled during administrative proceedings).

## III. ANALYSIS

A.      <u>Voluntary Dismissal of 2018 Lawsuit</u>

As noted above, plaintiff filed an earlier section 1983 lawsuit in February 2018 seeking damages for the two sexual assaults. He subsequently moved to voluntarily dismiss the lawsuit, stating that he did not wish to pay the filing fee. The motion was granted and the case was dismissed without prejudice. *Moore v. Davis*, C.A. No. H-18-0529 (S.D. Tex.). Plaintiff's request to reopen the lawsuit in April 2020 was denied.

Plaintiff contends in his cover letter that this lawsuit is a "continuation" of the lawsuit he dismissed in 2018. He is factually and legally incorrect. His earlier lawsuit was dismissed; whether the dismissal was with, or without, prejudice does not alter the effect of the dismissal as a final order terminating the lawsuit. Plaintiff dismissed his 2018 lawsuit; he did not request that it be stayed or abated. The instant lawsuit may raise the same claims as were raised in the dismissed lawsuit, but it is a new lawsuit, not a procedural continuation of the prior lawsuit. Consequently, the limitations issue must be examined as of the date this new lawsuit was filed, as is discussed *infra*.

To any extent plaintiff is asking the Court to construe this lawsuit as a procedural continuation of the lawsuit he dismissed in 2018, his request has no support in the law and is denied.

4

B.    December 2003 Assault

Plaintiff alleges that he was sexually assaulted in prison by another inmate at the Luther Unit in December 2003.  Consequently, the two-year limitation commenced in December 2003 and expired two years later in December 2005.  Plaintiff did not bring this lawsuit seeking damages for the 2003 assault until June 10, 2020, almost fifteen years after limitations expired, and the claims are barred.

The statute of limitations was tolled during plaintiff's exhaustion of his administrative grievances; however, plaintiff stated under penalty of perjury in his February 2018 lawsuit that he exhausted all of his claims prior to filing that lawsuit. Given that an additional two years have passed since his filing of the earlier dismissed lawsuit, plaintiff's claims as to the 2003 assault were barred by expiration of limitations at the time he filed this lawsuit in June 2020.

Under the most liberal of constructions supported by the records, plaintiff's section 1983 claims as to the 2003 assault are barred by limitations and must be dismissed with prejudice.

C.    November 2014 Assault

Plaintiff alleges that he was sexually assaulted in prison by another inmate at the Pack Unit in November 2014.  Consequently, the two-year limitation commenced in November 2014 and expired two years later in November 2016.  Plaintiff did not bring this lawsuit seeking damages for the 2014 assault until June 10, 2020, well beyond the

expiration of limitations.  As noted above, plaintiff's earlier 2018 civil lawsuit had no tolling effect on his claims.

In his cover letter filed with the instant section 1983 complaint, plaintiff complains that he was physically unable to "continue" the earlier lawsuit following its dismissal until June 2020.  As grounds, he lists medical problems he experienced at various times during 2014 through 2020 that he argues prevented his pursuit of legal action.  Plaintiff states that he was "stressed" following the 2014 assault and suffered a heart attack in June 2015.  He further reports having a "minor stroke" on April 25, 2017, neck surgery in November 2019, and back surgery in early February 2020, followed by involvement in a prison bus collision in late February 2020.  Other than the 2015 heart attack, these events all occurred after limitations had already expired.  Moreover, the Court's docket shows that, in addition to his earlier February 2018 lawsuit, plaintiff filed two other section 1983 lawsuits against prison employees in June 2019. *Moore v. Herrera*, C.A. No. H-19-2053 (S.D. Tex. June 13, 2019); *Moore v. Herrera*, C.A. No. H-19-2052 (S.D. Tex. June 25, 2019).

In applying the forum state's statute of limitations, the federal court should also give effect to any applicable statutory tolling provisions.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).  The Court has not found any relevant Texas authority supporting an argument that the running of limitations was tolled while plaintiff was experiencing medical issues at various times throughout 2014–2020, particularly during 2014 through 2016.

6

However, Texas state law does recognize a doctrine of "equitable tolling" applicable in very limited circumstances.  The equitable tolling principles of the forum state control in section 1983 cases.  *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, equitable tolling is a sparingly invoked doctrine, to be used only in cases where the plaintiff has excusable ignorance of the limitations period and has shown diligence in pursuing his rights.  *Montgomery v. Hale*, 648 F. App'x 444 (5th Cir. May 16, 2016). Plaintiff here does not show any circumstances warranting equitable tolling under Texas law, nor does he show that he was unable to pursue litigation as to the November 2014 assault prior to expiration of the two-year statute of limitations.

Moreover, plaintiff's exhaustion of administrative grievances as to the November 2014 incident provides no basis for holding the current lawsuit timely filed.  As noted above, plaintiff stated under penalty of perjury in his February 2018 lawsuit that he exhausted his grievances as to all of his claims prior to filing suit.  Given that an additional two years have passed since his filing of the earlier lawsuit, plaintiff's claims as to the 2014 assault were barred by limitations at the time he filed this lawsuit in June 2020.  Consequently, plaintiff's pending claims arising from the 2014 assault are time barred and must be dismissed with prejudice.

### III.  CONCLUSION

Plaintiff's claims in this lawsuit are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which

relief can be granted, predicated on the limitations bar. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of section 1915(g). This dismissal stands as plaintiff's third strike.[1] Under section 1915(g), plaintiff is now barred from proceeding *in forma pauperis* in any federal civil lawsuit or appeal unless he is under imminent danger of serious physical injury.

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 16ᵗʰ day of June, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1]Plaintiff's prior strikes include *Moore v. Herrera*, C.A. No. H-19-2052 (S.D. Tex. June 25, 2019), and *Moore v. Herrera*, C.A. No. H-19-2053 (S.D. Tex. June 13, 2019).

8